1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NORTHWEST ADMINISTRATORS,              No.  2:19-cv-00744 WBS AC
     INC.,
12
                     Plaintiff,
13                                          FINDINGS AND RECOMMENDATIONS
          v.
14
     NATIONAL EXPRESS TRANSIT
15   SERVICES CORPORATION,

16                   Defendant.

17

18          This matter is before the court on plaintiff's motion to compel compliance by defendants

19   Durham School Services and National Express,  LLC ("Added Defendants") with an audit request

20   for payroll records pursuant to the National Labor Relations Act, 29 U.S.C. § 185, the Employee

21   Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and certain

22   benefit plan documents.  ECF No. 48.  This motion was referred to the undersigned pursuant to

23   Local Rule 302(c)(19).  The motion came before the undersigned for hearing on August 14, 2019.

24   ECF No. 22.

25          Plaintiff contends that National Express Transit, originally the sole defendant in this

26   lawsuit, is obligated to submit to an audit under the terms of the Western Conference of

27   Teamsters Pension Trust Fund's Agreement and Declaration of Trust, which National Express

28   Transit accepted under the terms of the collective bargaining agreement with the Local.  On

                                                   1

1   plaintiff's motion, the court previously issued an order for National Express Transit to comply

2   with the audit, but National Express Transit failed to comply with the Court's order.  ECF Nos.

3   24, 25; ECF No. 48 at 3.  On January 28, 2020, plaintiff filed a First Amended Complaint adding

4   defendants Durham School Services and National Express as defendants.  ECF No. 36.  Plaintiff

5   now argues the Added Defendants are alter egos of National Express Transit.  The Added

6   Defendants failed to respond to the first amended complaint, and plaintiff now seeks an identical

7   partial default judgment order as the one already entered against the original defendant against the

8   two additional Added Defendants compelling them to comply with an audit.

9                                    I.       RELEVANT BACKGROUND

10          Plaintiff Northwest Administrators, Inc. is the authorized administrative agency and

11   assignee of the Western Conference of Teamsters Pension Trust Fund ("Trust Fund")—a Taft-

12   Hartley employee benefits trust fund providing retirement benefits to eligible participants.[1]  ECF

13   No. 1 at 2.  On April 30, 2019, plaintiff filed a Complaint to Compel Audit alleging as follows.

14          Defendant National Express is a Delaware corporation engaged in the public

15   transportation business in Solano County, California.  ECF No. 1 at 2.  National Express is bound

16   by a collective bargaining agreement with Local 315 of the International Brotherhood of

17   Teamsters.  Id. at 3.  As part of that collective bargaining agreement, National Express accepted

18   the Trust Fund's Agreement & Declaration of Trust ("Trust Agreement"), which requires

19   National Express (and the other subject employers) to report for and pay monthly contributions to

20   the Trust Fund at specific rates for each hour of compensation paid to its employees who are

21   members of the bargaining unit represented by Local 315.  Id.  The Trust Agreement requires as

22   follows with respect to employer payroll records:

23              Section 1. – Employer Records and Audits:
                Each Employer shall promptly furnish to the Trustees or their
24              authorized representatives on demand any and all records of his past
                or present Employees concerning the classification of such
25              Employees, their names, Social Security numbers, amount of wages
                paid and hours worked or paid for, and any other payroll records and
26              information that the Trustees may require in connection with the

27  _____

28   [1]  The Trust Fund operates pursuant to Section 302 of the Labor Management Relations Act of
     1947, as amended, 29 U.S.C. § 186(c)(5), and ERISA, 29 U.S.C. §§ 1001 et seq.

1
2
3
4

> administration of the Trust Fund, and for no other purpose. . . .  The Trustees or their authorized representatives may examine any books and records of each Employer which the Employer is required to furnish to the Trustees on demand whenever such examination is deemed necessary or desirable by the Trustees in the proper administration of the Trust.  . . . .

5    ECF No. 15 at 29 (Plummer Decl., Exhibit B).

6        At some point, the Trustees of the Trust Fund deemed it necessary and advisable to the

7    proper administration of the Trust that their authorized representatives examine National

8    Express's books and records going back to October 1, 2013 to evaluate its reported payments.

9    ECF No. 1 at 3-4.  Despite notice to defendant of the Trustees' desire to conduct this audit, and

10   demands made to examine the records, defendant failed to make its records available.  Id. at 4.

11   Plaintiff's complaint seeks the production of various documents in connection with the requested

12   audit as well as attorney's fees and costs related to accessing the records.  Id. at 5.

13       On May 10, 2019 plaintiff served the summons and complaint on defendant National

14   Express Transit, via its designated agent for service of process.  ECF No. 5.  Defendant has failed

15   to file an answer or otherwise respond.  On June 11, 2019, the Clerk of Court entered default

16   against defendant.  ECF No. 8.  On July 12, 2019, plaintiff filed a motion to compel compliance

17   with the audit and noticed the motion for hearing before the District Judge assigned to this case.

18   ECF No. 9.  Notice of the motion was served on defendant's designated agent.  ECF No. 12.  On

19   July 15, 2019, at the direction of the District Judge, plaintiff refiled the motion to be heard before

20   the undersigned.  ECF Nos. 13, 14.  On July 16, 2019, plaintiff filed an amended notice of

21   hearing, a copy of which was also served on defendant.  ECF Nos. 18, 19.  Defendant did not

22   respond to the motion.  Partial default judgment against defendant was ordered on September 16,

23   2019.  ECF No. 25.

24       On January 28, 2020, plaintiff filed a first amended complaint against Durham School

25   Services, LP, and National Express LLC, to add the two new defendants.  ECF No. 35.  The

26   Added Defendants were served.  ECF Nos. 40, 41.  The clerk of Clerk of Court entered default

27   against both Added Defendants.  ECF Nos. 43.

28   ////

1   Before instituting this action, plaintiff sought and obtained in the U.S. District Court for

2   the Western District of Washington an order virtually identical to the one sought here.  Northwest

3   Administrators, Inc. v. National Express Transit Servs. Corp., No. 2:18-cv-00880-RSM, ECF

4   No. 11.  Although that order was served on defendant at its Chicago, Illinois office, defendant

5   failed to respond.  Id. at ECF No. 12.  At plaintiff's request, that suit was dismissed without

6   prejudice on January 28, 2019.  Id. at ECF No. 13.

7                                          II.        MOTION

8        By this motion, plaintiff seeks an order compelling defendants to make the following

9   documents available to plaintiff's authorized representatives:

10          1.  All tax documents listed on the contract and confirmation
                letter
11              a.  State Employer Security Reports
                b.  State Industrial Insurance Reports
12              c.  Quarterly FICA and Federal Income Tax Reports
                    (941/941A)
13              d.  Annual Federal Unemployment Reports (FUTA 940)
            2.  Complete employee roster that includes the route-type for
14              each driver
            3.  Payroll for all employees for 10/01/2013 to 6/30/2019
15          4.  Job descriptions for each iteration of the Driver and Mechanic
                position (Teamsters, ATUs, None's, Trainees and any others
16              that do driving or mechanic work).

17  ECF No. 48 at 8.

18      This court has jurisdiction pursuant to Section 301(a) of the Labor Management Relations

19  Act, 1947, 29 U.S.C. § 185(a), and Section 502(e) of ERISA, 29 U.S.C. § 1132(e).  At the hearing

20  on the motion for default judgment against defendant National Express Transit, counsel agreed

21  with the court that the motion effectively sought partial default judgment and is properly analyzed

22  under Federal Rule of Civil Procedure 55.  The court already found that the analysis under Rule

23  55 favored entry of partial default judgment against National Express Transit.  Plaintiff now asks

24  the court to find that the same rationale and judgment should apply to the Added Defendants

25  because they are alter egos of National Express Transit.

26  ////

27  ////

28  ////

4

1        III.    DISCUSSION

2    A.  Legal Standard: Corporate Alter Egos

3        An employer may not avoid liability under ERISA by simply showing that it has not

4    signed the applicable collective bargaining agreement.  Trs. of the Screen Actors Guild-Producers

5    Pension & Health Plans v. NYCA, Inc., 572 F.3d 771, 776 (9th Cir. 2009).  A non-signatory

6    company may be liable if the non-signatory is the alter ego of the signing company, if the two

7    entities are a single employer, or if the interests of the nonsignatory and signatory parties are

8    materially inseparable.  Id.  Plaintiff argues that  Durham School Services and National Express

9    should be held liable to the Trust Agreement and compelled to comply with an audit as "alter

10   egos" of National Express Transit.

11       Federal courts apply the law of the forum state to determine whether a corporation is an

12   alter ego.  S.E.C. v. Hickey, 322 F.3d 1123, 1128 (9th Cir. 2003, opinion amended on denial of

13   reh'g, 335 F.3d 834 (9th Cir. 2003) (quoting Towe Antique Ford Found. v. I.R.S., 999 F.2d 1387,

14   1391 (9th Cir. 1993)).  In California, "in order to prevail on an alter-ego theory, the plaintiff must

15   show that "(1) there is such a unity of interest that the separate personalities of the corporations

16   no longer exist; and (2) inequitable results will follow if the corporate separateness is respected."

17   Zoran Corp. v. Chen, 185 Cal. App. 4th 799, 811(2010) (quoting Tomaselli v. Transamerica Ins.

18   Co., 25 Cal. App. 4th 1269, 1285 (1994)).

19       Several factors may be relevant in determining whether business entities are alter egos.

20   These include whether the company was used as an undercapitalized "shell" to conduct business

21   for individuals who dominated and controlled it to shield them from liability for their actions.

22   See Zoran, 185 Cal.App.4th at 811-813.  An alter ego status also may be shown by "the disregard

23   of legal formalities and the failure to maintain arm's length relationships" between the entities and

24   the individuals.  Id.  Other factors may include failing to segregate the funds of the separate

25   entities, diverting corporate assets for the benefit of individual shareholders, using the same

26   employees for the different entities, and the lack of any independent and separate corporate

27   management structure.  Id.  There are numerous other factors that may be considered.  "No single

28   ////

1  factor is determinative, and instead a court must examine all the circumstances to determine

2  whether to apply the doctrine."  Id. at 812.

3          B.   Added Defendants' Alter Ego Status

4          Several factors in this case weigh in favor of finding the Added Defendants alter egos of

5  defendant National Express Transit.  There exists a strong unity of interest and ownership

6  between National Express, Durham School Services and National Express Transit because there

7  is no separation of the entities' funds and a lack of any independent and separate corporate

8  management structure.  First, Durham School Services has always paid the pension contributions

9  to Plaintiff on behalf of National Express Transit.  Schumacher Decl. at ¶ 6, Exh. A (sample

10  check).  Second, Durham School Services has always paid the salaries of employees in the

11  bargaining unit represented by Teamsters Local 315, who are the beneficiaries of the pension

12  contributions to the Trust.  Baumbach Decl. at ¶ 7.  Thus, based on the representations and

13  evidence presented by plaintiff, undisputed by any response from the Added Defendants or

14  National Express Transit, National Express Transit has never paid its employee salaries or

15  pension contributions through its own assets.  Instead, Durham School Services is the sole source

16  for National Express Transit's labor costs for the employees whose pension contributions Plaintiff

17  seeks to audit.

18          Third, the business address registered with the California Secretary of State for National

19  Express Transit (2601 Navistar Drive, Lisle, Illinois 60532) is the same business address

20  registered with the California Secretary of State for Durham School Services.  Hammer Decl.

21  Exhs. F and G.  Both National Express Transit and Durham School Services are entirely owned

22  and operated by the same company, National Express LLC, which also has the same business

23  address. See https://www.nellc.com/ (showing National Express Transit and Durham School

24  Services as two of National Express LLC's "home-to-school companies.").  Durham School

25  Services and National Express Transit are wholly owned by National Express and part of the

26  same national transportation organization.  Id.

27          Fourth, Defendants share the same in-house legal counsel and upper management.

28  Richard Cozza, who responded to Plaintiff's counsel on behalf of National Express Transit, is

6

Vice President, Assistant General Counsel Labor & Employment for National Express LLC. Hammer Decl. at ¶ 4-5, Exh. C.  These facts clearly establish that National Express Transit is an uncapitalized shell entity operated entirely by National Express and Durham School Services to conduct the business of National Express and Durham School Services.

The result here will be inequitable if the act in question, National Express Transit's compliance with the pension contribution audit, is treated as that of National Express Transit alone.  First, National Express Transit failed to respond to two separate lawsuits and to two court orders to comply with the audit.  Second, as an empty shell corporation, National Express Transit apparently does not have any assets through which plaintiff could seek to enforce the Court's order against National Express Transit.  Simply, plaintiff has no means to enforce the Trust Agreement with National Express Transit.  Moreover, National Express and Durham School services have similarly failed to respond to the FAC.

Therefore, it is appropriate and proper to pierce National Express Transit's corporate veil and hold Durham School Services and National Express jointly and severally liable for National Express Transit's obligations under the Trust Agreement.

C.  Application of Prior Default Judgment Analysis

Because the undersigned finds that the Added Defendants are corporate alter egos of defendant National Express Transit, the rationale regarding default judgment articulated as to National Express Transit (ECF No. 25) applies equally to the Added Defendants and shall be considered incorporated herein.  An identical judgment is therefore recommended as to the Added Defendants.

## IV.    CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS THAT:

1.  Plaintiff's motion for partial default judgment (ECF No. 48) is GRANTED;

2.  Within 15 days of the date of entry of the District Court's order, defendants Durham School Services and National Express LLC, through their officers, agents, employees, and attorneys, be ordered to make available to plaintiff's Trust Fund's authorized representatives the following documents:

7

1              a.   All tax documents listed on the contract and confirmation letter:

2                        i.   State Employer Security Reports

3                        ii.   State Industrial Insurance Reports

4                        iii.   Quarterly FICA and Federal Income Tax Reports (941/941A)

5                        iv.   Annual Federal Unemployment Reports (FUTA 940);

6              b.   Complete employee roster that includes the route-type for each driver;

7              c.   Payroll for all employees for 10/01/2013 to 6/30/2019; and

8              d.   Job descriptions for each iteration of the Driver and Mechanic position

9                   (Teamsters, ATUs, None's, Trainees and any others that do driving or

10                  mechanic work).

11         These findings and recommendations are submitted to the United States District Judge

12   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

13   after being served with these findings and recommendations, any party may file written

14   objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

15   document should be captioned "Objections to Magistrate Judge's Findings and

16   Recommendations."  Failure to file objections within the specified time may waive the right to

17   appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez

18   v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

19   DATED: November 23, 2020

20                                              _____
                                               ALLISON CLAIRE
21                                             UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28